```
                                                         RECEIVED
                                                    USDC, CLERK, CHARLESTON, SC
            UNITED STATES DISTRICT COURT
            DISTRICT OF SOUTH CAROLINA            2009 FEB -4  A 11:03
```

| | |
|---|---|
| Vincent Lawrence Barr, <br> a/k/a Vincent L. Barr, <br> a/k/a Vincent Barr, <br><br>         Plaintiff, <br><br> vs. <br><br> Kingstree South Carolina Police Department; <br> Ackerman Ellerbee, Municipal Judge; <br> Chief Robert Ford; <br> Lt. Bobbi Lynn Smith; <br> Sgt. Name Unknown; <br> Officer Name Unknown; <br><br>         Defendants. | ) C/A No. 2:08-4020-CMC-RSC <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. §

1

1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir.

1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

The *pro se* Plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections. The Plaintiff filed this civil rights complaint under 42 U.S.C. § 1983 against Defendant Kingstree South Carolina Police Department, employees of the police department, and a municipal judge. Plaintiff alleges that the Defendants violated his constitutional rights in connection with shoplifting arrests which occurred in August and September 2006, and February of 2008. The Plaintiff requests monetary damages, as well as injunctive relief against the Defendants.

Plaintiff filed a motion in this case to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff's request to proceed *in form pauperis* should be denied, and this complaint should be dismissed. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act (PLRA), and he fails to allege facts to support that he is under imminent danger of serious physical injury. The "three strikes" rule, codified at 28 U.S.C. § 1915(g),

provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This rule was enacted to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away"). *See also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

It is judicially noticed that this Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2002, and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court.[1] This

---

[1] Plaintiff has been issued "strikes" in the following cases: Civil Action Numbers: 2:02-1060-CMC; 2:05-1725-CMC; 2:06-2201-CMC; and 2:06-3577-CMC.

4

Court may take judicial notice of Plaintiff's prior frivolous filings, which have been dismissed and deemed a strike under § 1915(g) by this Court. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(the court may take judicial notice of its own records). *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, 28 U.S.C. § 1915(g), or he pays the full filing fee. *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998). The complaint does not fit within this exception as the Plaintiff does not allege any danger of serious physical injury to himself.

## Recommendation

It is recommended that the Plaintiff's motion to proceed *in forma pauperis* be denied, and this complaint be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g). *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *See also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as

5

possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Plaintiff's attention is directed to the important notice on the next page.

February 4, 2009
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).